# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-50908
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS PINEDA RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-763-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Pineda Ramos (Pineda Ramos) pleaded guilty to attempting to reenter the United States illegally following removal and to personating another when applying for admission to the United States. The district court sentenced Pineda Ramos at the bottom of the advisory guidelines range to 70 months in prison and three years of nonreporting supervised release on each count, to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Pineda Ramos argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Because Pineda Ramos objected to the denial of his motion for a downward variance, which was based on an assertion that a guidelines sentence was greater than necessary to satisfy the § 3553(a) factors, he has preserved his challenge to the substantive reasonableness of his sentence. *Cf. United States v. Peltier* 505 F.3d 389, 391-92 (5th Cir. 2007) (holding that a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review). The substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

A sentence within the advisory guidelines range is presumptively reasonable. *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). Although Pineda Ramos contends that the presumption of reasonableness should not apply, he concedes that circuit authority forecloses his assertion and he raises it for potential future review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir. 2009).

Pineda Ramos asserts that the illegal reentry Guideline, § 2L1.2, is not empirically based and double counts the same prior conviction to increase the offense level and to determine the criminal history category, a procedure he asserts tends to result in a guidelines range greater than necessary to meet the sentencing goals of § 3553(a). We have consistently rejected these arguments. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

Asserting that he made "a try at a trespassory offense" and that 70 months in prison "for an act that could have been stopped simply by saying 'go home' is unreasonable," Pineda Ramos contends that the Guidelines overstated the seriousness of his attempted illegal reentry offense. Congress has decided that merely attempting to illegally reenter the United States after removal may be

punishable by a term of imprisonment. 8 U.S.C. § 1326(a). We have consistently rejected this "simple trespass" argument. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Pineda Ramos also argues that the guidelines range did not take into account his personal history and characteristics. The sentencing transcript reveals that the district court carefully made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. The district court's conclusion that a within-guidelines sentence is appropriate is entitled to deference, and we presume that it is reasonable. *See id.* at 51-52; *Newson*, 515 F.3d at 379. Pineda Ramos has not shown that the district court committed a "clear error of judgment" in its weighing of the various sentencing factors, and he has not established that the district court's sentence failed to account for a significant factor or gave weight to an irrelevant factor. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). We see no reason to disturb the district court's discretionary decision to impose a sentence within the guidelines range. The district court listened to Pineda Ramos's arguments for a lesser sentence but found that a sentence at the bottom of his guidelines range was appropriate. Pineda Ramos has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See id.* at 186.

Accordingly, the judgment of the district court is AFFIRMED.